UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

THIERRY GELIN and
NEEMIE GELIN,

                        Debtors.

-----------------------------------------------------------X

Case No.: 12-74174-AST
Chapter 13

## ORDER DIRECTING CLERK'S OFFICE TO CLOSE CASE WITHOUT DISCHARGE

*Background*

On July 6, 2012, Thierry Gelin and Neemie Gelin ("Debtors") filed a petition (the "Petition") for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). Marianne DeRosa was appointed the Chapter 13 Trustee (the "Trustee").

In Debtors' Petition, they claim their principal residence as 2021 Decatur Ave, North Bellmore, NY 11710 (the "Property"), in Schedule A, they claim an ownership interest in the Property, and in Debtors' Schedule B they assert the Property is encumbered by a mortgage held by GMAC Mortgage, LLC ("GMAC"). [dkt item 12]

On November 5, 2012, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-EMX1 ("U.S. Bank") filed a proof of claim (the "Proof of Claim"), asserting Debtors executed a note secured by a mortgage against the Property (the "Mortgage") and that at the time of the Petition, Debtors were in arrears on the note and Mortgage in the amount of $64,000.16 (the "Arrears"). [POC 20-1]  The Proof of Claim provides that U.S. Bank is the creditor and provides an address for GMAC to whom notices and payments should be sent.

On June 19, 2013, Debtors filed a Third Amended Chapter 13 Plan (the "Plan") [dkt item 36], which provides for, among other things, Debtors to make 60 monthly payments to the Trustee, Debtors to pay GMAC the Arrears of $64,000.16 through the Plan, and for Debtors to make all postpetition payments outside of their Plan.

On October 23, 2013, the Court entered an Order confirming Debtors' Plan (the "Confirmation Order"). [dkt item 38]

On August 15, 2017, the Trustee filed a Notice of final cure payment and completion of payments under the Plan pursuant to Federal Bankruptcy Rule 3002.1 (the "3002.1 Notice"), giving notice that Debtors have paid the Arrears in full in the amount of $64,000.16 and directing holders of secured claims to file and serve a statement within 21 days indicating (1) whether it agrees Debtors have paid the amount required to cure the default claim; and (2) whether Debtors are otherwise current on all payments consistent with § 1322(b)(5). [dkt item 53]

On August 24, 2017, U.S. Bank filed a response to the Trustee's 3002.1 Notice (the "3002.1 Response"), asserting that (1) Debtors have paid in full the Arrears; and (2) Debtors are not current on postpetition payments consistent with § 1322(b)(5) and that the total of postpetition payments due is $264,634.15.[1]  U.S. Bank served the 3002.1 Response on Debtors, Debtors' Counsel, and the Trustee.

On September 20, 2017, the Trustee filed her Certification of Completed Plan. [dkt item 55]

On September 22, 2017, the Court entered an Order discharging Debtors (the "Discharge Order"). [dkt item 56]

---

[1] Because of the manner by which the 3002.1 Response was docketed, while it appears on the Court's CM/ECF docket, it appears as a "doc" and is not assigned a docket item number.

On November 3, 2017, the Court entered an Order vacating the Discharge Order as entered in error. [dkt item 58]

On November 21, 2017, the Court entered an Order directing Debtors to appear for a hearing on December 12, 2017 (the "Hearing") to show cause why the Court should enter an order granting Debtors a discharge (the "OSC"). [dkt item 60]

On December 12, 2017, the Court held the Hearing, at which neither Debtors, their Counsel, nor U.S. Bank Appeared.

*Discussion*

The timing of a chapter 13 debtor's discharge is governed by § 1328(a), which provides in relevant part:

> as soon as practicable after completion by the debtor of all payments under the plan,...the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
>
> (1) provided for under section 1322(b)(5)[.]

11 U.S.C. § 1328(a)(1).

This Court has previously held that a debtor must pay all payments under a plan in order to receive a discharge under chapter 13 of the Bankruptcy Code and that direct postpetition mortgage payments are payments under the plan for purposes of § 1328(a). *In re Coughlin*, 568 B.R. 461, 474 (Bankr. E.D.N.Y. 2017); *In re Hanley*, 575 B.R. 207, 213 (Bankr. E.D.N.Y. 2017); *See also Foster v. Heitkamp (In re Foster)*, 670 F.2d 478, 488–89 (5th Cir. 1982) (debtors' mortgage payments made directly to their lender constituted plan payments notwithstanding the payments being characterized by the debtors as being made outside the chapter 13 plan); *Evans v. Stackhouse*, 564 B.R. 513, 525–28 (E.D. Va. 2017); *In re Hoyt–Kieckhaben*, 546 B.R. 868, 871 (Bankr. D. Colo. 2016); *In re Gonzales*, 532 B.R. 828, 832

(Bankr. D. Colo. 2015) (finding no cogent authority to suggest that payments to be made directly to a creditor pursuant to the terms of a confirmed plan are not "payments under the plan" as used in § 1328(a)). Here, Debtors' Plan provided that they would make all postpetition payments on the Mortgage directly to GMAC. Debtors were required under § 1328(a) and *Coughlin* to make all those postpetition payments in order to receive their discharge.

This Court has previously discussed the protocol set forth in the Bankruptcy Code and Rules for the end stages of a chapter 13 plan and case:

> Among these, under Rule 3002.1(f), once the debtor has completed all plan payments, the chapter 13 trustee is to file and serve a notice to the holders of mortgages against the debtor's principal residence that the debtor has paid in full the amount required to cure any default on the claim. The mortgage holders then have 21 days under Rule 3002.1(g) to file a statement as to whether debtor has paid in full the amount required to cure the default on the claim and is, in fact, current on his/her post-petition payments. Thereafter, the debtor or the trustee has 21 days under Rule 3002.1(h) to file a motion and the court shall, after notice and hearing, determine whether the debtor has paid all post-petition amounts.

*Coughlin*, 568 B.R. at 474–75; Fed. R. Bankr. P. 3002.1.

Here, the Trustee filed her 3002.1 Notice stating that Debtors paid the Arrears through their Plan. U.S. Bank filed its 3002.1 Response, agreeing with the Trustee that Debtors paid the Arrears, but asserting Debtors failed to make direct postpetition Mortgage payments to U.S. Bank in the total amount of $264,634.15. Neither Debtors nor the Trustee filed a motion under Rule 3002.1(h) to determine whether Debtors paid all postpetition Mortgage amounts to U.S. Bank. Debtors have failed to establish that they made all postpetition Mortgage payments to GMAC pursuant to their Plan. Accordingly, under § 1328(a), Debtors are not entitled to a discharge due to their failure to make all payments under their Plan.

*Conclusion*

After due deliberation and for cause shown, it is hereby

**ORDERED**, that the Clerk of the Court shall close the above-captioned bankruptcy case without issuing a discharge to Debtors; and it is further

**ORDERED**, that the Clerk of the Court give notice of this Order to the Debtors, Debtors' Counsel, the Trustee, the United States Trustee, and all creditors and parties in interest.



**Dated: February 1, 2018**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**